STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-05-291

TD\_0-01\_-1/24-06

NORTH AMERICAN METAL
MASTERS, LLC,

      Plaintiff,

      v.

ORDER

TRB DEVELOPMENT GROUP, INC,
et al.,

      Defendants.

Before the court is a joint motion by defendants TRB Development Group, Inc. ("TRB") and Ladybug Development, LLC. ("Ladybug") to dismiss Ladybug as a defendant to this action, and a motion by plaintiff North American Metal Masters ("NAMM") to amend the complaint in order to join Dover Properties LLC. ("Dover") as a defendant.

On May 20, 2005, NAMM filed a two-count complaint against TRB for breach of contract and unjust enrichment, based on a July 30, 2004 agreement wherein TRB, a general contractor, hired NAMM as a subcontractor to do construction work on the Hilton Garden Inn in Freeport, Maine. The complaint alleges that TRB submitted to NAMM several costly change orders that TRB agreed to cover, but that upon completion of the project, TRB withheld payment on the costs associated with these change orders. NAMM's amended complaint, filed May 26, 2005, added Ladybug as a defendant under the unjust enrichment count, alleging that Ladybug is the owner of the

Inn. It also added a third count requesting the court to establish the amount of a mechanic's lien on the Inn and to provide for enforcement of that lien.

Ladybug and TRB jointly move for Ladybug's dismissal as a defendant in this action, based on Ladybug's September 17, 2004 sale of the Inn to Dover. NAMM, for its part, asserts that Ladybug should not be dismissed from the suit, as it was the owner of the property at the time NAMM began to provide materials and services to it. NAMM also moves the court to amend its complaint to add Dover as a defendant.

1.      Unjust Enrichment Claim

On a motion to dismiss, the material allegations of the complaint must be taken as admitted. In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217, 220. A dismissal should only occur when it appears beyond doubt that the plaintiff is entitled to no relief under any set of facts that it might prove in support of its claim. Id.

Construing the allegations in the complaint most favorably to NAMM, Ladybug was the owner of the Inn at the time when NAMM commenced providing materials and services. See Amended Complaint ¶¶ 9, 17. The warranty deed attached to the defendants' joint motion evidences September 17, 2004 as the date when ownership of the Inn changed hands between Ladybug and Dover, and NAMM apparently does not contest that date. See Proposed Second Amended Complaint ¶ 22. It is possible at this time that Ladybug has been unjustly enriched by materials and services provided by NAMM, as asserted in Count II. See Forrest Assoc. v. Passamaquoddy Tribe, 2000 ME 195, ¶ 14, 760 A.2d 1041, 1045-46. NAMM may prove that it conferred a benefit on Ladybug in improving its property prior to the September 17th sale, that Ladybug had knowledge of this benefit, and that Ladybug's retention of this benefit (perhaps in the

2

form of value added to the sale price of the property), makes it inequitable for Ladybug not to pay NAMM for its value. See id. It may also be that since NAMM only worked on the property for about a month while Ladybug was the owner, any unjust enrichment of Ladybug would be minimal. However, even a minimal claim is sufficient to survive a motion to dismiss.

NAMM seeks as well to amend its complaint to add Dover as a defendant under this count. Pursuant to M.R.Civ.P. 15(a), leave shall be freely given when justice so requires. Because Dover is currently the owner of the Inn and became owner at a time NAMM was providing materials and services to this property, NAMM may properly bring an action against Dover for unjust enrichment. See Forrest Assoc. v. Passamaquoddy Tribe, 2000 ME 195 ¶ 14.

In sum, defendants' motion to dismiss the unjust enrichment claim as against Ladybug is denied and NAMM's motion to amend its complaint to add an unjust enrichment claim against Dover is granted.


2.     Mechanic's Lien Claim Against Ladybug

The joint motion to dismiss filed by TRB and Ladybug also seeks dismissal of the mechanic's lien claim against Ladybug on the basis that Ladybug is not the owner of the property. Given that it is conceded that Ladybug is no longer the owner of the property and was not the owner at the time the lien was filed, the court concludes that the mechanic's lien claim should be dismissed against Ladybug. While 10 M.R.S.A. § 3255(1) permits an action to be brought against the "debtor and owner of the property

affected and all other parties interested therein," no provision is made for an action against former owners.[1] The mechanic's lien claim is dismissed against Ladybug.

3.    Amendment To Add a Mechanic's Lien Claim Against Dover

TRB opposes the addition of a mechanic's lien claim against Dover on the ground that NAMM filed its mechanic's lien complaint outside of the 120 day limit set forth in 10 M.R.S.A. § 3255. This may well be correct if the last day on which labor and materials were furnished was in fact January 20, 2005, as set forth in the March 31, 2005 Notice of Mechanic's Lien appended to TRB's opposition.[2]

To the court's knowledge, however, TRB does not have standing to assert defenses on behalf of Dover. Moreover, the argument that NAMM's mechanic's lien action was not timely filed depends on facts that are not before the court on a motion to dismiss and which might more properly be raised on a motion for summary judgment. Based on the allegations in the second amended complaint, the motion to amend to add a mechanic's lien claim against Dover is granted. This action is without prejudice to any defenses that Dover might raise once made a party to this action.

The entry shall be:

The joint motion of defendants TRB and Ladybug to dismiss Counts II and III of the complaint as against Ladybug is denied as to Count II and granted as to Count III. Plaintiff's motion to amend the complaint to add Dover Properties LLC. is granted, and

---

[1] This is true even if, as suggested in this case, the former owner (Ladybug) is owned by the same interests as the new owner (Dover).

[2] If the last day labor and materials were furnished was January 20, 2005, then under 10 M.R.S.A. § 3255 an action to enforce a mechanic's lien had to be filed within 120 days, or by May 20, 2005. NAMM filed this lawsuit on May 20, 2005 but did not file an amended complaint asserting a mechanic's lien until May 26, 2005. This would have been six days beyond the applicable time limit even assuming that the assertion of a mechanic's lien claim against Ladybug (which did not own the property at that time but which was allegedly owned by the same persons who own Dover) would have been sufficient to preserve such a claim against Dover.

4

plaintiff shall have 30 days to effect service of the second amended complaint on Dover Properties. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED: January 24, 2006

Thomas D. Warren
Justice, Superior Court

Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

TIMOTHY NORTON, ESQ.
PO BOX 597
PORTLAND, ME 04112-0597

Def. TRB

P.O. Box 287
Portland, Maine 04112-0287

JEFFREY PETERS, ESQ.
PO BOX 665
BATH, ME 04530-0665

Pl.

Portland, Maine 04112-0287

ERIC SCHAEFFER, ESQ.
511 CONGRESS STREET, SUITE 801
PORTLAND, ME 04101

Def Lady Bug